|   |   |
|---|---|
| Naveen NAVEEN, | Case No.: 25-cv-3728-AGS-AHG |
| Petitioner, | **ORDER REQUIRING RESPONSE** |
| v. | |
| Gregory J. ARCHAMBEAULT, et al., | |
| Respondents. | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Petitioner Naveen Naveen seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Naveen "is a citizen of India" who "entered the United States on April 18, 2023, from Mexico without inspection." (ECF 1, at 1, 4.) "He was apprehended by Customs and Border Patrol (CBP) shortly thereafter and ultimately he was released on an Order of Release on Recognizance (OREC)." (*Id.* at 1.) "On that same date, he was issued a Notice to Appear (NTA) in Immigration Court, charging him as being an alien present in the United States without admission or parole." (*Id.*) Later, on "November 3, 2025, Petitioner was arrested by ICE at his pre-scheduled ICE check-in." (*Id.* at 2.) ICE has concluded that petitioner is "subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond." (*Id.*) Petitioner disagrees, arguing that he should be treated as detained under "§ 1226(a), that allows for release on conditional parole or bond." (*Id.*)

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "have prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **December 30, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **January 7, 2026**. The Court will hold oral arguments on the petition on **January 14, 2026**, at **10:00 a.m.**

Dated:  December 24, 2025

_____
Hon. Andrew G. Schopler
United States District Judge